THEODORE BABCOCK et al., Respondents, *v.* EDMUND G. HUTCHINSON et al., Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1871.)

The plaintiffs, manufacturers at G., offered to manufacture and forward to the defendants, merchants at P., certain qualities and quantities of gloves, and, without agreement for their purchase, forwarded the gloves, as offered, to the defendants, with an invoice. The defendants opened the package, compared the goods with the invoice, and marked the cost on the separate packages, but afterward sent word to the plaintiffs declining to purchase at their price, and offering less, but in the meantime a pair of the gloves were sold by the defendants' clerk, and then, without fault of defendants, the gloves were burned with their store. — *Held,* that, aside from the question of their diligence in notifying the plaintiffs of their determination not to buy, the defendants made the gloves theirs by assuming to sell and deliver the single pair of them ; that the defendants were bound to regard the proposition for sale as entire; and that the plaintiffs could recover the value of the gloves.

APPEAL from judgment for the plaintiffs on the report of a referee. The facts are stated in the opinion of the court.

*S. C. Huntington,* for the appellants.

*Parkhurst & Baker,* for the respondents.

Present — MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court — TALCOTT, J. This is an action for goods sold and delivered. The plaintiffs are glove manufacturers at Gloversville, Fulton county, and the defendants are mer-

chants at Phœnix, Oswego county. In July, 1869, one of the plaintiffs called at the store of the defendants and offered to sell the defendants certain qualities and quantities of gloves to be thereafter manufactured by the plaintiffs and forwarded to the defendants.

Whether a bargain was then made is in dispute, and the referee finds that the evidence does not establish that a bargain was then made.

On the 30th of September, 1869, the plaintiffs forwarded to the defendants the quantity and quality of gloves spoken of in the negotiation, and they also forwarded to the defendants by mail an invoice of the goods.

The invoice and the goods arrived at the store of the defendants on or before October 2d. The defendants opened the package, compared the goods with the invoice, checking the same, and marked the cost on the separate packages. The evidence tended to show that the defendants were dissatisfied with the prices, and did not intend to keep the goods. They, however, retained them in their store in the original package, and did not return them to the plaintiffs or notify them of their unwillingness to receive the goods at the prices named, until the 23d of October, when they wrote the plaintiffs a letter stating that they had not ordered the goods and did not want them at the prices named, offering to keep them at a deduction of ten per cent from the invoice price, stating that if plaintiffs would not make that deduction, they (the defendants) did not want the goods, and notifying the plaintiffs that the goods were subject to their order, and asking what should be done with them. But in the meantime at least one pair of gloves had been sold by one of the clerks of the defendants, in the ordinary course of business.

The store of the defendants and the gloves were burned in November, without the fault of the defendants.

The referee reported for the plaintiffs for the value of the gloves, $93.

We think the report of the referee was justified. Probably, under the circumstances of the case, the defendants did

not use reasonable diligence in notifying the plaintiffs that they would not take the gloves at the prices named. However that may be, it is clear that they made the property their own by assuming to sell and deliver a part of it, no matter how small.

Treating it as a mere proposition for a sale, it was entire, and the defendants were bound to treat it as such. They could not undertake to appropriate to their own use a part of the property, and reject the residue. The plaintiffs had given them no such option.

The judgment must be affirmed.